NO.
12-05-00390-CR

NO. 12-05-00391-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

RODRIGO NUNEZ TALAVERA,  §          APPEALS
FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Rodrigo
Talavera appeals the revocation of his community supervision for the offenses
of burglary of a habitation and theft. 
After revoking Appellant’s community supervision, the trial court
sentenced him to terms of imprisonment. 
Appellant’s counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant did not file a brief, and the State
waived the filing of a brief.  We affirm.

Background

            Pursuant
to a plea agreement, Appellant pleaded guilty to two counts of burglary of a
habitation[1]
and to a separate offense of theft,[2]








 a state jail felony.  The trial court accepted the plea agreement,
found Appellant guilty, and sentenced him to ten years of imprisonment on the
burglary charges and two years of imprisonment on the theft charge.  Those sentences were probated, and Appellant
was placed on community supervision for ten years and five years
respectively.  

            The
State subsequently filed a motion to revoke Appellant’s community supervision
alleging that he had violated certain terms of his community supervision.
Appellant pleaded “true” to violating three of the terms of his community
supervision.  The trial court found that
Appellant had violated the terms of his community supervision, revoked his
community supervision, and assessed punishment at ten years of imprisonment for
the burglary charges and eighteen months of imprisonment for the theft
charge.  These appeals followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel has filed a brief in compliance with Anders and Gainous.  Counsel states that he has diligently
reviewed the appellate record and that he is well acquainted with the facts of
this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel’s brief presents a chronological summary of the
procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.

            We
have considered the brief submitted by Appellant’s counsel and have conducted
our own independent review of the record. 
See Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see
also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102
L. Ed. 2d 300 (1988).  We have found no
reversible error.  See Bledsoe v.
State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

 

Conclusion

            As
required, Appellant’s counsel has moved for leave to withdraw.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
After considering the record and the brief and having found no
reversible error, we affirm the judgments of the trial court and grant
Appellant’s counsel’s motion for leave to withdraw.

                                                                                                

 

Opinion
delivered August 31, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)











[1] Appellate cause number 12–05–00391–CR.





[2] Appellate cause number 12–05–00390–CR.